579 So.2d 1271 (1991)
Bryan E. WOOD
v.
Wanda J. WOOD.
No. 90-CA-0113.
Supreme Court of Mississippi.
May 15, 1991.
*1272 Carol L. Henderson, for appellant.
Albert Necaise, Gulfport, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Bryan E. Wood and Wanda J. Wood were divorced in September of 1988, in the Chancery Court of Harrison County, First Judicial District. The parties filed various motions in that court, attempting to modify the custody and visitation provisions found in the judgment of final divorce. Chancellor William L. Stewart ultimately ruled that the primary care and custody of the minor child should remain with the child's mother, Wanda Wood. The lower court further determined that regular overnight visitation with the minor child's father, Bryan Wood, should not be granted. Finding that the lower court should have granted regular overnight visitation to Bryan Wood, we affirm in part and reverse and render in part.

I.
On September 20, 1988, Bryan Wood and Wanda Wood were finally divorced in the Chancery Court of Harrison County. One child was born of the marriage, David Michael, who was sixteen (16) months old at the time of the couple's divorce. The judgment of divorce awarded primary custody of the minor child to Wanda Wood with liberal visitation granted to Bryan Wood. The decree provided:
The Court further finds that the Plaintiff should be awarded the paramount care, custody and control of the minor child of the parties and that the Defendant should be ordered to pay unto her the sum of $150.00 per month as child support. Further, that the Defendant should be allowed liberal visitation as follows; three Sundays per month from 9:00 a.m. to 6:00 p.m. and one week end per month beginning Saturday at 9:00 a.m. and ending the following Sunday at 6:00 p.m.; and that the Plaintiff be allowed to have the minor child each and every holiday until said child becomes emancipated.
Following the divorce, Bryan Wood attempted to visit with his son on a regular basis; he was denied this right on several occasions. As a result, Mr. Wood filed a Petition For Citation of Contempt, Temporary Matters and Modification, seeking an order mandating compliance with the custody provisions of the divorce decree. Further, the petition sought a modification of the visitation provisions by providing for extended holiday visitation with the minor child.
Wanda Wood answered the December, 1988 petition for contempt in February of 1989. Shortly thereafter, Ms. Wood informed her ex-husband that she was going on vacation to visit with relatives in Rhode Island. While in Rhode Island, Ms. Wood's attorney, in Mississippi, entered into an Agreed Order granting Bryan Wood more liberal holiday visitation with David. Wanda Wood received a copy of the Agreed Order but refused to comply with its provisions which granted Bryan an extended summer visit with his son. As a result, Bryan Wood filed a petition of contempt in July of 1989. A few days after this second petition for contempt, Wanda Wood returned from her five (5) month visit to Rhode Island.
In late September, 1989, Bryan Wood petitioned the Chancery Court of Harrison County for the temporary custody of his minor son, David. Mr. Wood alleged that he had been informed that Wanda Wood was back in Mississippi and that she was physically abusing her son. Two (2) weeks *1273 later, Chancellor Stewart ordered that David Wood be placed in the Harrison County Family Shelter pending an investigation into the allegations of abuse. The investigation, conducted by the Family Shelter, revealed no evidence of abuse in this matter.
On October 19, 1989, the lower court entered its order granting the primary care and custody of David to his mother, Wanda Wood. The order provided for visitation in favor of Bryan Wood as follows:
... three weeks in the summer, with one month's prior notice to Wanda J. Wood; every other Saturday, beginning at 7:00 a.m. and ending at 7:00 p.m. on the same day; one week prior to, or subsequent to, Christmas, either period of visitation to terminate or begin at 2:00 p.m. on Christmas day. To have such visitation Bryan E. Wood is to advise Wanda J. Wood of his selection of the time period for having the child during Christmas two weeks in advance of the time he chooses for such custody and visitation. All other provisions of the final decree of divorce and modification shall remain in full force and effect.
After this ruling by the chancellor, Bryan Wood filed a Motion For Reconsideration with the lower court. Upon considering Mr. Woods's motion, Chancellor Stewart granted a full hearing on the merits. At the November 27, 1989 hearing, Bryan Wood presented evidence attempting to show that Wanda Wood was an unfit mother. Witnesses testified that Ms. Wood was constantly under the influence of drugs and alcohol and that she was physically abusive towards her son. This evidence was rebutted, however, by the findings of the Harrison County Family Shelter, as well as various other physicians, who examined David and found him to be healthy. The testimony was further rebutted by the results of a drug screening test that showed that Wanda Wood was not under the influence of any substances. Based upon the evidence presented at the November, 1989 hearing, Chancellor Stewart issued his ruling reinstating the custody and visitation provisions of the October 19, 1989 judgment.

II.
Bryan Wood argues on appeal that the lower court was in error when it failed to award him overnight visitation with his son. Mr. Wood maintains that a non-custodial parent has a presumptive right to regular overnight visitation and that the failure to award such constitutes reversible error.
This Court has consistently ruled that a non-custodial parent should be awarded visitation privileges in order to foster a positive and harmonious relationship between parent and child. Stevison v. Woods, 560 So.2d 176, 181 (Miss. 1990). Pursuant to this mandate, this Court has also determined that a non-custodial parent is presumptively entitled to regular overnight visitation with their children. In Cox v. Moulds, 490 So.2d 866 (Miss. 1986), the chancery court denied a father overnight visitation based upon concerns that his home was not large enough to provide his thirteen (13) year old daughter privacy at night. In ruling that this visitation restriction was manifestly erroneous, we stated:
Overnight visitation with the non-custodial parent is the rule, and not the exception; indeed, a non-custodial parent is presumptively entitled during reasonable times to overnight visitation with the children. The approach we mandate is based upon the premise of our law in this area: that children of divorced parents should be encouraged to have a close, affectionate and, under the circumstances, as normal as possible a parent-child relationship.
Cox, 490 So.2d at 870.
We consider the chancellor's determination that Bryan Wood was not entitled to regular overnight visitation with his minor son to be erroneous. We find no substantial evidence in the record tending to show that such visitation would be detrimental to David in any way. The chancellor spoke of no reluctance for overnight visitation during the summer period or the Christmas week visitation period. This child is in need of a stable environment and it will be *1274 most fortunate if he finds one with either parent. Neither seemed particularly promising at the time of the hearing below. Surely, Bryan and David need an opportunity to foster a relationship as father and son. Therefore, we must find that the lower court was in error in not awarding regular overnight visitation to Bryan Wood. Further, we find that this error can be corrected by reinstating the October 19, 1989 judgment, with the following change: Bryan Wood shall have visitation with his son every other weekend, beginning at 7:00 a.m. Saturday and ending at 7:00 p.m. Sunday. All other provisions of the October 19, 1989 ruling by the Chancery Court of Harrison County, First Judicial District, are affirmed.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.